IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF TYRESE WEST,
Deceased, by MONIQUE WEST,
a Special Administrator,

        Plaintiff,

v.

INV. ERIC GIESE and
VILLAGE OF MT. PLEASANT,
A Municipal Corporation,

        Defendants.

Case No.: 19-CV-1843

---

### DEFENDANTS INV. ERIC GIESE AND VILLAGE OF MT. PLEASANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

---

NOW COME these answering Defendants, Inv. Eric Giese and Village of Mt. Pleasant ("Defendants"), by their attorneys, Crivello Carlson, S.C., and as and for their Answer and Affirmative Defenses to Plaintiffs' Complaint, (ECF No. 1), hereby admit, deny, allege, and show the Court as follows:

### COUNT I – EXCESSIVE FORCE

1. Answering paragraph 1 of Count I of the Complaint, deny Plaintiffs have stated claims under the United States Constitution or 42 U.S.C. §§ 1983, 1988; as further answer, deny that the laws of the State of Illinois apply to this action or the allegations in Plaintiffs' Complaint; as further answer to any remaining allegations, deny.

2. Answering paragraph 2 of Count I of the Complaint, admit that the Court has jurisdiction over federal claims, but deny that the Court should exercise supplemental jurisdiction.

1

3. Answering paragraph 3 of Count I of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

4. Answering paragraph 4 of Count I of the Complaint, admit that Eric Giese was a police officer for the Village of Mount Pleasant at all times relevant to the Complaint and that he acted in the course and scope of his office and authority, consistent with the laws of the State of Wisconsin and the United States Constitution.

5. Answering paragraph 5 of Count I of the Complaint, admit that the Village of Mount Pleasant is a statutory municipal corporation and the employer of Eric Giese at all times relevant to the Complaint.

6. Answering paragraph 6 of Count I of the Complaint, admit.

7. Answering paragraph 7 of Count I of the Complaint, deny Plaintiffs' description is either complete or correct.

8. Answering paragraph 8 of Count I of the Complaint, admit that Tyrese West did not have a light on his bicycle; as further answer to any remaining allegations, deny Plaintiffs' description is either complete or correct.

9. Answering paragraph 9 of Count I of the Complaint, deny Plaintiffs' description is either complete or correct.

10. Answering paragraph 10 of Count I of the Complaint, admit that Tyrese West fled from Eric Giese; as further answer, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations relating to Tyrese West's state of mind and therefore denies them, putting Plaintiffs to their proof thereon; as further answer, deny Plaintiffs' description is either complete or correct.

11. Answering paragraph 11 of Count I of the Complaint, admit that Eric Giese pursued Tyrese West; as further answer to any remaining allegations, deny Plaintiffs' description is either complete or correct.

12. Answering paragraph 12 of Count I of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

13. Answering paragraph 13 of Count I of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

14. Answering paragraph 14 of Count I of the Complaint, admit that Officer Giese discharged his service weapon, which struck Tyrese West; as further answer to any remaining allegations, deny Plaintiffs' description is either complete or correct.

15. Answering paragraph 15 of Count I of the Complaint, admit that Tyrese West is deceased; as further answer to any remaining allegations, deny Plaintiffs' description is either complete or correct.

16. Answering paragraph 16 of Count I of the Complaint, deny.

17. Answering paragraph 17 of Count I of the Complaint, deny.

18. Answering paragraph 18 of Count I of the Complaint, deny Plaintiffs' description is either complete or correct.

19. Answering paragraph 19 of Count I of the Complaint, deny.

20. Answering paragraph 20 of Count I of the Complaint, deny.

## COUNT II – WRONGFUL DEATH

1.–16. Answering paragraphs 1 through 16 of Count II of the Complaint, Defendants restate, reallege, and incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 16 of Count I above, and the affirmative defenses herein.

17. Answering paragraph 17 of Count II of the Complaint, deny.

18. Answering paragraph 18 of Count II of the Complaint, deny.

## COUNT III – INDEMNIFICATION – VILLAGE OF MT. PLEASANT

1.–18. Answering paragraphs 1 through 18 of Count III of the Complaint, Defendants restate, reallege, and incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 18 of Counts I–II above, and the affirmative defenses herein.

19. Answering paragraph 19 of Count III of the Complaint, admit.

20. Answering paragraph 20 of Count III of the Complaint, admit.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to Plaintiffs' Complaint, Defendants submit the following:

a. The injuries and damages sustained by Plaintiffs were caused in whole or in part by the acts or omissions of Tyrese West and/or the failure to mitigate;

b. The injuries and damages sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than Defendants;

c. Plaintiffs cannot establish that any acts or non-acts of Defendants caused constitutional deprivations, if any;

d. The Complaint contains allegations that fail to state claims upon which relief may be granted as against Defendants;

e. Defendants are immune from suit by immunities including qualified immunity and discretionary immunity;

f. Plaintiffs have failed to state claims for and are not legally entitled to compensatory damages;

g. Plaintiffs have failed to state claims for and are not legally entitled to punitive damages;

h. Any injuries or damages sustained by Plaintiffs are the result of an intervening and/or superseding cause preventing Plaintiffs any rights of recovery against Defendants;

i. Plaintiffs may have failed to name necessary and indispensable parties;

j. To the extent Plaintiffs are bringing state law claims, the claims are subject to limitations, requirements (including notice requirements and others), damages caps, and immunities in Wis. Stat. § 893.80;

k. At all times relevant to matters alleged in Plaintiffs' Complaint, Defendants acted in good faith, in accordance with established laws and administrative rules;

l. Defendants reserve the right to name additional affirmative defenses, as they may become known through further discovery or other in this action.

WHEREFORE, Inv. Eric Giese and Village of Mt. Pleasant respectfully request the following relief:

1. for a dismissal of Plaintiffs' Complaint upon its merits and with prejudice;

2. for the costs and disbursements of this action;

3. for reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

4. for such other relief as this Court deems just and equitable.

**DEFENDANTS HEREBY DEMAND A JURY OF SIX**

Dated this 28th day of January, 2020.

>By: s/ Benjamin A. Sparks
>SAMUEL C. HALL JR.
>State Bar No: 1045476
>BENJAMIN A. SPARKS
>State Bar No. 1092405
>Attorney for Defendants, Eric Giese and Village of Mt. Pleasant
>CRIVELLO CARLSON, S.C.
>710 N. Plankinton Avenue, Suite 500
>Milwaukee, WI 53203
>Ph: (414) 271-7722
>Fax: (414) 271-4438
>E-mail: shall@crivellocarlson.com
>bsparks@crivellocarlson.com