UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF TYRESE WEST
*by Monique West as Special Administrator*,

        Plaintiff,

        Case No. 19-cv-1843-pp

  v.

ERIC GIESE, and
VILLAGE OF MT. PLEASANT,

        Defendants.

---

ESTATE OF TY'RESE WEST,
and DWIGHT PERSON

        Plaintiffs,

        Case No. 19-cv-1844-pp

  v.

ERIC GIESE,

        Defendant.

---

**ORDER GRANTING MOTIONS TO CONSOLIDATE (CASE NO. 19-CV-1843, DKT. NO. 10; CASE NO. 19-CV-1844, DKT. NO. 7)**

---

On December 17, 2019, plaintiff Estate of Tyrese West, by and through Monique West as Special Administrator of the estate, filed a complaint against Mount Pleasant police officer Eric Giese and his employer, the Village of Mount Pleasant. Estate of West v. Giese *et al.* (Giese I), 19-cv-1843 (E.D. Wis.), Dkt. No. 1. The same day, the Estate and plaintiff Dwight Person filed a complaint against Officer Giese, but not against the Village of Mount Pleasant. Estate of

1

West, *et al.* v. Giese (Giese II), 19-cv-1844 (E.D. Wis.), Dkt. No. 1. Both complaints allege the same underlying conduct: On June 15, 2019, Officer Giese allegedly shot and killed unarmed decedent Tyrese West (spelled "Ty'Rese" in the complaint in Giese II) after pursuing West for riding a bike without a working headlamp. Giese I, 19-cv-1843, Dkt. No. 1 at 1-2; Giese II, 19-cv-1844, Dkt. No. 1 at 2.

Defendant Giese has moved to consolidate the cases under Civil Local 42(a) and Fed. R. Civ. P. 42(a). Giese I, Dkt. No. 10; Giese II, Dkt. No. 7. None of the plaintiffs have responded (responses would have been due within seven days of service of the motion under Civil L.R. 7(h)—sometime around February 4 or 5, 2020). The court will grant the motion.

**I.   Applicable Law**

Federal Rule of Procedure 42(a) states:

**(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:

**(1)** join for hearing or trial any or all matters at issue in the actions;

**(2)** consolidate the actions; or

**(3)** issue any other orders to avoid unnecessary cost or delay.

The Seventh Circuit reviews a district court's decision on consolidation "only for abuse of discretion." Star Ins. Co. v. Risk Marketing Group, Inc., 561 F.3d 656, 660 (7th Cir. 2009) (citation omitted). "In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp., Nos. 09-cv-533, 09-

2

Case 2:19-cv-01843-PP   Filed 07/10/20   Page 2 of 5   Document 13

cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." Id. (citations omitted). Courts should decline to consolidate if consolidation would lead to confusion or prejudice. Id.

**II. Analysis**

The decedent's mother, Monique West, filed the complaint in Giese I in her role as administrator of the decedent's estate. Giese I, 19-cv-1843, Dkt. No. 1. The decedent's father, Dwight Person, filed the complaint in Giese II on his own behalf and on behalf of the estate in his role as "heir and participant in the estate of the decedent Ty'Rese West." Giese II, 19-cv-1844, Dkt. No. 1 at ¶2.

The cases are substantially similar. The cases have almost identical causes of action. Plaintiff Dwight Person in Giese II brings one federal claim under 42 U.S.C. §§1983 and 1988 alleging that defendant Giese used excessive force against the decedent in violation of the 4th Amendment to the U.S. Constitution as incorporated by the 14th Amendment. Giese II, 19-cv-1844, Dkt. No. 1 at ¶¶16–19. Plaintiff Monique West in Giese I brings the same federal claim, albeit without mentioning the specific amendments at issue. Giese I, 19-cv-1843, Dkt. No. 1 at ¶¶19–20.

The major difference between the cases is that in Giese I, plaintiff West also names the Village of Mount Pleasant as a defendant and brings two state law claims: one for wrongful death under Wis. Stat. §895.04, *et seq.* and the other for indemnification against the Village. Id. at ¶¶16–20.

3

These differences aren't enough to defeat the motion to consolidate. All the claims arise from the same conduct: defendant Giese shooting and killing Tyrese West. Both cases seek to resolve the question of whether the shooting was wrongful, either because it constituted excessive force in violation of the Constitution or because it violated Wisconsin's wrongful death statute. The cases share common questions of law through the §§1983 and 1988 claims. The cases have common parties: the Estate as plaintiff and Giese as defendant. The Village defendant appears to have been named only for indemnification purposes. There will be no prejudice or confusion to the court or a jury in consolidating the cases. The federal excessive force claim will require a determination of whether the force used was "reasonable," and whether deadly force was required. <u>Estate of Biegert v. Molitor</u>, No. 18-C-401, 2019 WL 4142509, at *5 (E.D. Wis. Aug. 30, 2019). Similarly, the state wrongful death claim will require a determination of whether the death was caused "by a wrongful act." Wis. Stat. §895.03. <u>See also</u> <u>Henning v. O'Leary</u>, 477 F.3d 492, 495 (7th Cir. 2007) ("Wisconsin recognizes claims for wrongful death (which is effectively what the excessive force claim is) and the estate or those who would recover may bring an action for the deceased plaintiff.").

Consolidating the cases will promote unnecessary duplication of effort and will promote economy and efficiency. It will avoid duplication of effort in related cases.

### III. Conclusion

The court **GRANTS** the defendant's motion to consolidate. Case No. 19-cv-1843, Dkt. No. 10; Case No. 19-cv-1844, Dkt. No. 7.

Under Civil L.R. 42(b), the court **ORDERS** that going forward, the parties must caption all pleadings and other filings using the consolidated case caption and the lowest case number (19-cv-1843). The court **ORDERS** that all papers must be filed and docketed only in the lowest numbered of the consolidated cases (19-cv-1843). The court **ORDERS** that the Clerk of Court must place a notation on the docket sheet for the highest-numbered case (19-cv-1844), reminding interested parties to check the docket sheet for the lowest-numbered case (19-cv-1843).

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**