UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF TYRESE WEST, *et al.*,

    Plaintiffs,

              Case No. 19-cv-1843-pp
v.               Case No. 19-cv-1944-pp

ERIC GIESE, *et al.*,

    Defendants.

---

### ORDER DIRECTING PARTIES TO FILE RULE 26(f) REPORT

---

  Fed. R. Civ. P. 26(f) requires that, as soon as practicable, the parties must meet to discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement, the timing for the initial disclosures required by Rule26(a)(1), and a proposed discovery plan.

  During this meeting the court urges the parties to discuss whether they need a protective order, and if so, to consider jointly requesting the order and using the proposed order template at the end of the court's local rules (available on the court's website https://www.wied.uscourts.gov). The court also urges the parties to discuss stipulating to protocols for remote depositions and using the form stipulation and proposed order available on the COVID-19 page of the court's website under "Resources." Finally, the court encourages the parties to discuss the impact, if any, of the COVID-19 outbreak on the parties' ability to participate in discovery during the early stages of the litigation. Counsel should share observations and conclusions with the court in the plan.

  On or before **August 12, 2020,** the parties must file a joint, written report outlining their discovery plan—including proposed dates where applicable. The plaintiff's counsel is responsible for filing the report, and for providing a copy to opposing counsel. If the parties are not able to agree on the terms of a joint report, they may file separate reports.

  In addition to the discovery plan, the report shall include the following:

  1.  A brief statement of the nature of the case;

  2.  Whether the parties expect to amend the pleadings;

1

3. Whether the parties anticipate joining other parties;

4. The nature of the discovery each party contemplates, and the amount of time the parties believe they need to complete that discovery;

5. Any motions the parties contemplate;

6. The estimated length of trial;

7. Whether any party is requesting a jury trial;

8. A statement of any other issues that might impact trial scheduling; and

9. A statement attesting to the fact that the parties have discussed each of the above issues.

The court will not set dates for a final pretrial conference or trial until dispositive motions have been decided.

If, after review of the Rule 26(f) report, the court decides a Rule 16 scheduling conference is necessary, it will contact the parties to set a hearing.

If the parties are interested in mediation facilitated by a magistrate judge at any point in the pretrial process, they should contact the court immediately to request a referral.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

                **BY THE COURT**

                _____
                **HON. PAMELA PEPPER**
                **Chief United States District Judge**