UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF TYRESE WEST,
*By Monique West as Special Administrator and
Dwight Person as Co-Administrator*,

        Plaintiffs,

  v.

Case No. 19-cv-1843-bhl

ERIC GIESE, et al.

        Defendant.

# ORDER

        On June 15, 2019, Eric Giese, a police officer for the Village of Mount Pleasant, Wisconsin, allegedly shot and killed Tyrese West. (ECF No. 1.) On December 17, 2019, Monique West, as the Special Administrator of the Estate of Tyrese West, filed a complaint against Giese and the Village. (ECF No. 1.) That same day, Dwight Person, the father of Tyrese West but not the administrator of the estate, filed a complaint on behalf of the Estate of Tyrese West against Giese. *Estate of West v. Giese*, No. 19-CV-1844 (E.D. Wis.), ECF No. 1. Because both complaints alleged the same underlying conduct, defendants moved to consolidate the case. (ECF No. 10.) On July 10, 2020, the Court granted defendant's motion to consolidate. (ECF No. 13.)

        On September 3, 2020, counsel for Monique West filed a "Motion to Dismiss Party Under Rule 12(b) for Lack of Standing." (ECF No. 17.) The motion argued that since Dwight Person was not the administrator of Tyrese West's estate, he did not have standing and asked the Court to dismiss Person as a plaintiff. (*Id.*) In response, Person's counsel filed a motion to stay the proceedings to allow him time to challenge in state court West's appointment as the Estate's administrator. (ECF No. 18.) On November 19, 2020, the Court held a status conference to address the motions. (ECF No. 25.) At the status conference, the parties informed the Court that Mr. Person had been appointed as the co-administrator of the Estate of Tyrese West. (*Id.*) The

Court then dismissed Case No. 19-cv-1844 and added Person as the co-administrator of the Estate in Case No. 19-cv-1843. (*Id.*) The parties confirmed that they would continue to follow the Scheduling Order entered on August 14, 2020. (*Id.*) Based on that Scheduling Order, plaintiff was required to disclose the identities of expert witnesses along with reports and supporting documentation no later than March 8, 2021. (ECF No. 16.)

On March 9, 2021, one day after the deadline, plaintiff's counsel filed a motion for an extension to April 9, 2021 to disclose expert witnesses and reports. (ECF No. 27.) Plaintiff's counsel cites several personal reasons to justify the extension. (*Id.*) On March 11, 2021, defendants' counsel responded to the motion. (ECF No. 28.) Defendants do not oppose the extension, provided the Court also extends defendants' expert disclosure deadline from May 28, 2021 to June 29, 2021. (*Id.*) The Court finds good cause to grant plaintiff's motion for an extension. The Court will also grant defendants' request to extend their deadline. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to extend the deadline to disclose expert witnesses and reports, (ECF No. 27,) is **GRANTED**. Plaintiff's expert disclosure deadline is **EXTENDED** to **April 9, 2021**. Defendants' expert disclosure deadline is **EXTENDED** to **June 29, 2021**. All remaining deadlines from the August 14, 2020 scheduling order remain in effect.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss a party, (EC No. 17), and motion to stay the proceedings, (ECF No. 18), are **DENIED** as moot.

Dated at Milwaukee, Wisconsin on March 15, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge