UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF TYRESE WEST,
*By Monique West as Special Administrator and*
*Dwight Person as Co-Administrator*,

        Plaintiff,

                                    Case No. 19-cv-1843-bhl

    v.

ERIC GIESE, et al.

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
PROTECTIVE ORDER**

On August 19, 2021, Dr. Jessica Lelinski, a non-party witness in this case, filed a motion for a protective order. ECF No. 38. Dr. Lelinski is a licensed medical doctor who, as the assistant medical examiner at the Milwaukee Medical Examiner's Office, conducted the autopsy of the alleged victim in the case. *Id.* at 1; ECF No. 41 at 1. On August 4, 2021, Plaintiff served Dr. Lelinski with a subpoena and included a payment of $42.00, indicated to be the "required witness fee." *See* ECF Nos. 39-1, 39-2, 39-4. Dr. Lelinski now seeks to have the subpoena quashed or modified, pursuant to Federal Rules of Civil Procedure 26(c)(1)(D) and/or 45(d)(3)(B)(ii). ECF No. 38 at 1, 3. Alternatively, Dr. Lelinski asks the Court to order that she shall be compensated at her standard billing rate of $500.00 per hour, pursuant to Federal Rule of Civil Procedure 45(d)(3)(C)(ii). *Id.* at 3.

At issue is whether Dr. Lelinski will provide opinion testimony as a lay witness, as defined by Federal Rule of Evidence 701, or else testimony as an expert witness, as defined by Federal Rule of Evidence 702. If she provides testimony as an expert witness, Dr. Lelinski is entitled to a "reasonable fee," under Federal Rule of Civil Procedure 26(b)(4)(E). Dr. Lelinski states that her standard billing rate is $500.00 per hour. ECF No. 38 at 3.

"Expert testimony is designated as such by its reliance on 'scientific, technical, or other specialized knowledge.'" *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004)

(citing Fed.R.Evid. 702).  "Occurrence witnesses, including those providing 'lay opinions,' cannot provide opinions 'based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'"  *Id.* (citing Fed.R.Evid. 701).  "Thus, a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation."  *Id.*

Because Dr. Lelinski is a trained medical expert who conducted the autopsy of the alleged victim in this case, she has the capacity to give both opinion testimony as a lay witness and testimony as an expert witness.  To the extent that Dr. Lelinski is questioned solely as a fact witness concerning her involvement in the events underlying this lawsuit, Plaintiff need not provide additional compensation to her.  If Dr. Lelinski is questioned as an expert witness, however, and asked to provide opinion testimony based on scientific, technical, or other specialized knowledge, Plaintiff must compensate Dr. Lelinski at her standard billing rate of $500.00 per hour.

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Dated at Milwaukee, Wisconsin on September 3, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge